### R. W. RAYNE *v.* DAVID TAYLOR.

In an action of damages for libel and slander, the truth of the words written or spoken, may be given in evidence as a defence to the action under such a plea.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*Singleton & Bonford*, for plaintiff.   *Durant & Hornor* and *A. N. Ogden & Stansbury*, for defendant and appellant.

BUCHANAN, J.   This is a suit for damages for libel and slander, laid at thirty thousand dollars. The libel charged, is the answer filed by defendant, on the 15th November, 1855, in a suit instituted by plaintiff against him; in which answer the defendant alleged that he had been defrauded by plaintiff. The slander charged, is the reiteration of the defamatory statements of defendant's answer in that suit, alleged to have been spoken by defendant's counsel and by defendant himself, in the presence and hearing of divers persons, and on numerous occasions.

On the trial of the cause, and after argument concluded, the Judge was requested by defendant's counsel to charge the jury—that if the jury find, from the evidence, that the facts stated by the defendant in his answer were substantially true, there can be no verdict of damages against him. This charge was refused by the court.

We think the court erred. The Act of 15th March, 1855, relative to slander and libel, (session Acts, page 394,) provides, " that whenever any civil suit for slander, defamation or libel, shall be instituted in any court of this State, it shall be lawful for the defendant to plead in justification the truth of the slanderous defamatory or libelous words or matter, for the uttering or publishing of which he may be sued, and in the trial of the issue in such suit, to maintain and prove his said plea by all legal evidence."

In the present action, defendant pleaded " that at the time he ordered the said answer to be filed, he did, and does now believe, that the said answer contained the truth, and that all its statements were true; and that he had, and still has reasonable and sufficient grounds for believing all of the said allegations to be true, &c."

We understand this statute as constituting the truth of the words spoken or written, a defence to the civil action for slander or libel, and conclude that the jury should have been charged, as requested.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed; that the verdict of the jury be set aside and annulled; that this cause be remanded for a new trial, according to law, and that plaintiff and appellee pay costs of appeal.

VOORHIES, J., absent.