BRTJNOT, J.
 

 This is a suit for compensatory damages and for the restitution of $1,000
 
 *55
 
 alleged to have been obtained by defendant from plaintiff by means of extortion and blackmail.
 

 From a judgment dismissing plaintiff’s demands, he has appealed.
 

 Plaintiff has not made an appearance in this court, and he lias not filed a brief in the case.
 

 The plaintiff was employed as a clerk in defendant’s store. Defendant found that his balance sheet showed continuous losses. An investigation was made, and suspicion pointed to the xilaintiff. A trap was set, and plaintiff, was caught in the act of appropriating defendant’s money to his own use. Upon being charged with the offense, plaintiff admitted that he had, at various times, taken defendant’s money, and that the sums so taken would aggregate' a total of $1,000. He executed a note, made payable to defendant, for that sum, secured the indorsement of his father thereon, and delivered the note to defondant in amicable settlement of his defalcation. A few days thereafter the note was paid, and, several months later, this suit was filed.
 

 The prayer of the petition is for a judg.ment against the defendant for $5,000 as compensatory damages for the libel and slander of petitioner, and $1,000 for the reimbursement to petitioner of the sum iiaid by him in liquidation of the amount represented by the note.
 

 The allegations in the petition and the admissions in the answer leave nothing for consideration, exceiit the facts of the case, because the defendant relies upon the truth of his utterances.
 

 “Whenever any civil suit for slander, defamation, or for a libel, shall be instituted in any court of this State, it shall be lawful for the defendant to plead in justification the truth of the slanderous, defamatory or libelous words or matter, for the uttering or publishing of which lie may be sued; and in the trial of the issue in such suit, to maintain and prove his said plea by all legal evidence.” Revised Statutes, § 3640.
 

 We have read the testimony carefully, and it conclusively establishes that the xilaintiff surreptitiously appropriated money belonging to the defendant; that he admitted the fact; gave a note in settlement thereof; and subsequently paid the note. The testimony shows that the only utterance which is chargeable to the defendant was made by defendant to August Trahan, an uncle of the plaintiff, in explanation of defendant’s motive for discharging the xilaintiff and taking his note, and the reply of this uncle was;
 

 “It is not surprising to me, as I have often spoken to my wife regarding Eugene’s extravagances.”
 

 When proof of the truth negatives the charge there is no slander. Rayne v. Taylor, 14 La. Ann. 406; Perret v. New Orleans Times, 25' La. Ann. 170; Cade v. Redditt, 15 La. Ann. 492.
 

 In this record there is no proof or suggestion of malice. If the defendant was not actuated by malice and the truth of his utterances are established, xilaintiff cannot recover. .Hauls v. Nicholson, 36 La. Ann. 986; Clement v. Creditors, 37 La. Ann. 692.
 

 The testimony in this case is so conclusively in favor of the defendant and against the contentions of plaintiff that we prefer only to refer to rather than review it. To do otherwise would merely emphasize the' shortcomings of an ill-advised young man, and we think it proper to spread the mantel of charity over his indiscretions.
 

 For these reasons the judgment appealed from is affirmed.