(79 South. 872)

No. 21715.

SABINE TRAM CO. v. JURGENS et al.

(Nov. 4, 1918.)

*(Syllabus by Editorial Staff.)*

1. LIBEL AND SLANDER ⬤⟿6(2)—ACTIONABLE WORDS—INJURY TO BUSINESS.

False allegations in petitions accusing plaintiff of certain acts of fraud as a stockholder and director of a corporation were libelous.

2. LIBEL AND SLANDER ⬤⟿56(2) — TRUTH OF ALLEGATIONS — PROBABLE CAUSE FOR BELIEF.

Where plaintiff employed an expert accountant to audit the books of a corporation and had

his report disclosing facts pertaining to transactions on which its charges of fraud against defendant, a stockholder and director, were judicially made in its petitions, there was no probable cause for plaintiff to believe such allegations true.

3. LIBEL AND SLANDER  ⊜⇒56(2) — ABSOLUTE PRIVILEGE—JUDICIAL PROCEEDINGS.

No one has a right or privilege to deem appropriate or pertinent to an issue presented for decision, in a judicial proceeding, a libelous allegation that he knows is false, or that he has no just or probable cause to believe is true.

4. LIBEL AND SLANDER  ⊜⇒121(1) — DISCRETION OF TRIAL COURT—DAMAGES.

A judgment for $1,000, in an action for a libel contained in petitions in judicial allegations, in view of plaintiff's extended business dealings and his high commercial and social position, and in view of Civ. Code, art. 1934, giving much discretion in assessment of damages to trial judge, was not an abuse of discretion.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by the Sabine Tram Company against George Jurgens and others, with reconventional demand for damages for libel by defendant George Jurgens. Judgment for defendant in reconvention for part of his claim, and he appeals. Affirmed.

McCloskey & Benedict, of New Orleans, for appellant.

Howe, Fenner, Spencer & Cocke, of New Orleans, and R. A. Greer, of Memphis, Tenn., for appellee.

O'NIELL, J. The only matter in contest here is a reconventional demand on the part of the defendant George Jurgens for damages for libel, based upon judicial allegations in which the plaintiff accused him of certain acts of fraud.

The allegations complained of were made by the plaintiff, first in his original petition in this suit, then in a supplemental petition, and afterwards in a petition filed, at the instigation of the plaintiff, by the receiver of a corporation styled Southwestern Lumber & Exporting Company, of which Jurgens was a stockholder and director. Jurgens was acquitted of the charges of fraud by the judg-

ment of this court. See Peck v. Southwestern Lumber & Exporting Co. (Intervention of Sabine Tram Co.), 131 La. 177, 59 South. 113, and Commercial Germania Trust & Savings Bank, Receiver, v. Jurgens, 134 La. 755, 64 South. 703. Thereafter, on this reconventional demand of Jurgens for $75,000 damages for libel, the court gave judgment in his favor for $1,000; and he prosecutes this appeal. The Sabine Tram Company, answering the appeal, prays that the demand be rejected entirely.

[1, 2] The charges of fraud were essentially injurious to appellant, and, having been found to be untrue, were libelous. The appellee had employed an expert accountant to audit the books of the Southwestern Lumber & Exporting Company and had his report disclosing the facts pertaining to the transactions on which the charges of fraud were made against appellant. Hence there was not probable cause for appellee to believe to be true the allegations which have been adjudged false.

[3] The contention of the appellee is that the allegations complained of were protected by an absolute privilege because they were pertinent to an issue presented for decision in a judicial proceeding. The learned counsel for appellee invoked the doctrine prevailing in England and in the jurisdiction of some of the courts of this country that every allegation that is pertinent to an issue presented for decision in a judicial proceeding is protected by an absolute privilege, and that such an allegation cannot be a cause of action for libel or slander even though it was a false and injurious accusation, and even though the party making it knew it was false, or had not just or probable cause to believe it to be true. It is sufficient to say that that doctrine has no place in the system of law prevailing in Louisiana. See Lescale v. Schwartz, 116 La. 293, 40 South. 708, reviewing and reconciling the jurisprudence on the subject. No one has a right to

deem appropriate or pertinent to an issue presented for decision in a judicial proceeding a libelous allegation that he knows is false or that he has not just or probable cause to believe is true.

[4] The only question to be determined, therefore, is whether the district judge has allowed more or less than adequate compensation for the injury done to appellant. The evidence shows that his business dealings extended far and wide, that his commercial standing and social position were very high, and that the injury he suffered was therefore somewhat serious. It would serve no purpose, however, to discuss the evidence on that subject. The amount of the judgment is a substantial sum. The appellant is a man of large means, to whom the vindication he has received by the judgment of this court is perhaps more compensating than a considerable sum of money would be. The provision, in article 1934 of the Civil Code, that, in the assessment of damages, in cases like this, much discretion must be left to the judge or jury, refers particularly to the trial judge or jury. It does not appear that there was an abuse of discretion in the assessment of damages in this case.

The judgment appealed from is affirmed. The appellee is to pay the costs of the district court; the appellant, the costs of appeal.

PROVOSTY, J., absent on account of illness, takes no part.