No. 759 .

First Circuit

PELLETIER ET AL. v. PUGH

(March 3, 1931. Opinion and Decree.)
(May 5, 1931. Rehearing Refused.)

Hy. L. Garland, of New Orleans, attorney for plaintiffs, appellants.

Miller & Heintz, of Covington, attorneys for defendant, appellee.

LeBLANC, J. Plaintiffs appeal from a judgment of the district court which rejected their demand for damages against the defendant, for having trespassed upon their land situated in or near the town of Lewisberg in St. Tammany parish, and having removed therefrom 1,170 feet of cypress and 600 feet of gum timber. The judgment also awarded the defendant $75 on a reconventional demand as damages to his good name and reputation because of certain allegations in the plaintiffs' petition which charged him with the commission of an offense against the laws of this state.

Plaintiff James B. Pelletier, who lives in New Orleans, and his children, Roger E. and Rene J. Pelletier, are the owners of a tract of land adjoining that of George E. Powers, about a mile and a half from Lewisberg. The timber on the Powers tract had been sold by him to a man named Coffer. Pugh, the defendant, who is a surveyor and occupies the position of parish surveyor, had surveyed the Powers land before the purchase of the timber thereon by Coffer. On a certain day he happened to be on the property when the timber was being cut, and observed, as he thought, that the timber cutters had gotten on some one else's property, which he learned later was that of the plaintiffs. He at once notified Coffer, and the latter, apparently in the spirit of making proper restitution for any damage ne may have caused, asked Pugh, as the latter went to

New Orleans more frequently than he did, to call on Mr. Pelletier on his next visit there, and tell him that he (Coffer) would pay for the stumpage value of whatever timber he might have cut on his property. Mr. Pugh did, on his next trip to New Orleans, convey Mr. Coffer's message to Mr. Pelletier, who was a total stranger to him, and Pelletier told him that he would go to Lewisberg on the following Sunday to look into the matter. He did go and Mr. Pugh met him, but as there was too much water on the property, they did not visit it. Pelletier made another trip to Lewisberg, but again they were unable to go over the land because of high water. That was the last the defendant Pugh knew or heard of the matter until this suit was filed against him.

Plaintiff James B. Pelletier testifies that at the time Pugh called on him in New Orleans, he told him that he (Pugh) had cut the timber and would be responsible for the damage occasioned by its cutting and removal. His testimony to this effect is corroborated by Miss Marie Moliere, a lady employed by him in his Antique Shop on Royal street in New Orleans. Both of these witnesses seemed to have in mind a letter which they say Pelletier had received from a man named Fournette, notifying him that the timber had been cut. They probably connected the information said to be conveyed by that letter with the message brought by Pugh from Coffer that the timber would be paid for, and got the matter confused in their minds. The letter referred to by them could not be produced, and there is no evidence to indicate that in it Fournette had charged Pugh with cutting the timber. In testifying, Fournette frankly states that he never saw Pugh on the property of the plaintiffs, and doesn't know who cut the timber. Pugh positively denies that he told Pelletier that he had cut it, and, in view of Coffer's admission on the witness stand that he did, and of his offer, even then, after prescription had run, to pay for it, we are bound to conclude that both Mr. Pelletier and Miss Moliere are mistaken when they say that Pugh told them that he had cut the timber and would pay for it.

We find no difficulty in agreeing with the district judge in his finding that this defendant committed no trespass and his judgment rejecting the demand of the plaintiffs was correct.

The demand of the defendant in reconvention is for damages for defamation of character for having been charged in a judicial proceeding with the violation of a criminal statute. He had asked for $2,000, and now, in answering the appeal, prays for an increase from the sum of $75 as allowed by the judgment of the district court, to the sum of $1,000. In his brief before this court, his counsel states that the damages awarded should be increased to at least $500.

In their petition, the plaintiffs allege that in the month of March, 1929, they learned that the defendant, Joseph W. Pugh, "had committed a serious trespass" upon their property. Further, in paragraph 3, they aver:

"That said Joseph W. Pugh, by his agents and employees, cut and removed from said lot, (in spite of the warnings of G. Fournette, that he was committing a trespass) the following timber: * * *"

We are referred to two statutes which make it a criminal offense for a person to cut timber from off the land of another without his consent, or cause the same to be done.

The proof is, as we have already concluded in considering the main demand,

that this defendant never committed any trespass such as is charged in the petition, and it is further shown that Fournette never gave him any warning whatsoever. This, Fournette admits himself. Moreover, plaintiffs permitted a whole year to elapse from the time they allege they learned from this defendant himself of the cutting of the timber, to the filing of this suit. It would seem that they had ample time and opportunity to make an investigation which would have readily disclosed that Pugh had nothing whatever to do with the cutting of their timber. They had no reasonable ground on which to base a belief in the allegations made against him in their petition. In the absence of any just or probable cause to believe that they were true, they became liable in damages to the injured defendant.

The right of a party to recover damages under our law, for libelous allegations contained in a judicial proceeding, is recognized in the case of Lescale v. Joseph Schwartz Co., Ltd., et al., 116 La. 293, 40 So. 708. In a subsequent case, Sabine Tram Co. v. Jurgens, 143 La. 1093, 79 So. 872, 873, the Supreme Court of the state, in re-affirming that right, said:

"No one has a right to deem appropriate or pertinent to an issue presented for decision in a judicial proceeding a libelous allegation that he knows is false or that he has not just or probable cause to believe is true."

The defendant in this case enjoyed a good reputation in the community in which he lived. This is attested by various officials of St. Tammany parish. The fact that he occupied the position of parish surveyor adds weight to this testimony. This proceeding was no doubt the cause of considerable embarrassment and humiliation to him, for which he is entitled to recover a moneyed judgment against these plaintiffs. With regard to the amount, we have to confess the difficulty with which we approach the question. As intimated in the case of Sabine Tram Co. v. Jurgens, supra, the vindication by the judgment of the court is perhaps more compensating than a sum of money would be. The trial judge, to whose discretion we yield in large measure, made an award of $75 which we do not feel disposed to, and will not, disturb.