135 So.2d 513 (1961)
J. Melton OAKES, Plaintiff-Appellee,
v.
Hobert ALEXANDER et al., Defendants-Appellants.
No. 9608.
Court of Appeal of Louisiana, Second Circuit.
November 22, 1961.
Rehearing Denied December 27, 1961.
Certiorari Denied February 6, 1962.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellants.
Robinson & Atkins, Homer, for appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
*514 HARDY, Judge.
This suit was instituted by plaintiff seeking damages allegedly resulting from certain false, malicious, libelous and slanderous statements made by defendants, who were named as Hobert Alexander, Frank Alexander and Masso Washington, residents of the State of California, and Sadie Henderson, a resident of the State of Illinois. For jurisdictional purposes, under the applicable provisions of Louisiana law, writs of attachment were issued and a curator ad hoc was appointed to represent the absentee defendants.
An almost identical suit was instituted by William F. M. Meadors, Sr., against the same defendants, the appeal in which action has been filed as No. 9609 on the docket of this court, 135 So.2d 518.
After disposition of numerous procedural matters, the two cases were consolidated for trial, following which, for reasons assigned in a written opinion, the district judge rendered judgments in favor of the plaintiff, Oakes, in the principal sum of $9,000, and in favor of the plaintiff, Meadors, in the principal sum of $9,500. No suspensive appeal being taken and perfected, the respective judgments became executory and were satisfied and paid after issuance of writs of fi. fa. A devolutive appeal was allowed and perfected to this court in each of said cases.
Inasmuch as plaintiffs' suits are based upon the same cause of action; involve the resolution of the same issues of fact and of law, and are directed against the same defendants, the two actions will be considered and determined in this opinion.
The basis of these suits stems from the institution by the named defendants of a civil action filed in the United States District Court for the Western District of Louisiana, Shreveport Division, in which Oakes and Meadors were named, together with others, as parties defendant, and in the original and amended complaints in said action were accused of certain specified unethical and criminal actions which are alleged to be false, unwarranted, scurrilous, malicious and to constitute libelous and slanderous attacks upon the personal character and reputation of said parties. The original and amended complaints as filed in the Federal Court were made part of plaintiffs' respective petitions and filed in evidence on trial of these actions. We find it unnecessary to delve into any extensive details bearing upon the asserted libelous contents of these pleadings, for it is apparent, even upon a casual perusal thereof, that the accusations against Oakes and Meadors, both in words and by inescapable implication, constituted charges of numerous breaches of ethical conduct, as well as the commission of criminal offenses of conspiracy to defraud and actual theft, all of which, if untrue, are libelous, per se.
In answer to the allegations of the petitions of the respective plaintiffs, the defendants pleaded that the alleged libelous and defamatory statements contained in the various complaints filed in the Federal Court were unqualifiedly privileged, and, further, that defendants believed and therefore alleged, upon information and belief, that the said statements were true.
It should be noted that the named defendants in these suits were represented, both in the Federal Court action and in their defense to these suits in the State court, by the firm of Vaughn & Morrow of Los Angeles, California, which associated Louisiana counsel primarily for the purpose of assuring the right of appearance and conduct of the litigation by the principal counsel above named. Following the rendition and payment of the judgments rendered, the firm of Vaughn & Morrow withdrew as counsel, and on appeal before this court defendants have been represented by a highly regarded and reputable firm of local attorneys.
The assignments of error urged before this court with respect to the judgments of the district court are specified as being (1) failure of the evidence to show authorization *515 or knowledge on the part of these defendants as to the objectionable allegations made by their attorneys in the Federal Court suit, which allegations constituted privileged communications, and (2) the excessive award of damages.
In fairness to counsel representing defendants-appellants before this court, and, further, for the purpose of reducing the issues contained in the five volume record before us, we quote the following statement from counsel's brief:
"At the outset let us state that this firm did not represent the present defendants in their Federal Court Case nor in the trial of this case. Let us also frankly state that we have carefully read the entire record in the Federal Court case as well as the long, and extremely boring, record in this case, and we did not find, nor did we expect to find, any justification for the offensive allegations relative to Mr. Meadors or to Mr. Oakes. We involve ourselves in this case now only because we feel that the present appellants received extremely poor advice and representation both in their Federal Court case and in the trial of these cases in the Second Judicial District Court of Claiborne Parish. We also feel some obligation because these defendants originally sought to retain us before filing the Federal Court case, and if we had taken their case at that time the allegations out of which the present suit arose would never have been made, and the Appellants would not now be in their present difficulty."
It should be first pointed out that counsel concedes failure of any justification for the offensive allegations relative to Mr. Oakes or Mr. Meadors, and therefore the issues have been simplified and reduced to the specifications of error above noted, that is, the questions of privilege and the quantum of damages.
We think the issue of privilege may be readily disposed. We find no authority for the recognition and enforcement of the common-law rule of privilege with respect to defamation resulting from libel or slander. An action for the redress of a grievance of this nature is predicated upon Article 2315 of our LSA-Civil Code and our jurisprudence is conclusive on the point that false judicial allegations can neither be excused nor condoned on the ground of privilege. We refer particularly to the case of Wimbish v. Hamilton, 47 La.Ann. 246, 16 So. 856, in which the court observed that no occasion nor probable cause existed for the defamation of plaintiffs' character nor for the use of the language set forth in the petition. As to the defense on the ground of the truth of these representations, the court further noted that there were no facts comprehended in the record which justified this assertion, and that the alleged basis of belief, resulting from information, imposed upon defendant the assumption of the responsibility of establishing the truth of the accusations made.
Similarly, in Lescale v. Joseph Schwartz Co., 116 La. 293, 40 So. 708, 714, the court, on original and rehearing, elaborately discussed the distinction between the application of the common-law rule of privilege and the civil law codal denial, in essence, of such a right. The ratio decidendi of the court's conclusion was briefly, but convincingly, stated as follows:
"The immunity (privilege as to judicial allegations) contended for may * * * be abused. Its advocates seem to assume that the occasions when it could be abused would be of rare occurrence; but the fact is that every suit affords ample room for its abuse. It might be abused in a suit on a promissory note, or on a plain loan of money. It might be made a terrible instrument in the hands of blackmailers.
"Because a certain rule has prevailed in England, and has been followed more or less extensively in those *516 states whose jurisdiction is a mere continuation of that of England, is no reason why a court, administering the civil law, and acting under a statute, should sanction a thing working such great hardship in individual cases, without any appreciable good to the public." (Emphasis supplied.)
In brief before this court counsel for appellants urgently insist that the responsibility for the admittedly defamatory allegations in the Federal Court suit should be entirely charged against the original counsel for these defendants and make the observation:
"There is not the slightest hint in the record that the clients themselves ever had any connection whatever with those (defamatory) allegations."
We think this contention is fully answered by the observation that the record contains an affidavit signed by these defendants which recites that they had read the first amended complaint filed in the Federal Court suit, which contained numerous defamatory statements as to these plaintiffs; that they knew the contents thereof and that the same were true of their own knowledge or upon their information or belief.
In this connection, it is further pertinent to note that the only one of defendants who appeared as a witness upon trial of these cases, namely, Masso Washington, did not testify that he was unfamiliar with the statements made nor that his counsel was either entirely or even partially responsible therefor. The three remaining defendants neither appeared in person nor by deposition. If the proposition so vigorously contended by counsel for defendants was susceptible of proof by any of these defendants, such proof should have been offered, and the obvious self-interest of defendants indicates that if it had been available it would have been produced. Our examination of the record fails to disclose any reasonable basis which would sustain the argument advanced.
Finally on this issue, in deference to counsel's zealous development thereof, we have considered the authorities cited in brief and find it necessary to comment only with respect to counsel's observation that the Supreme Court of Louisiana had noted "* * * `the common-law rule of absolute privilege' which has been adopted by the Federal Court.", in Waldo v. Morrison et al., 220 La. 1006, 58 So.2d 210, 211, 32 A.L. R.2d 419. While the above-quoted statement is entirely true, we find it completely without any persuasion, much less conviction, with reference to the instant case. The opinion in the cited case reiterated the principle that the common-law rule of absolute privilege has no place in the law of Louisiana. Continuing with the observation that the privilege is qualified, the court observed that it

"* * * is subject to the rule that the comment made must be material, with probable cause and without malice." (Emphasis supplied.)
The opinion quoted from the case of Sabine Tram Co. v. Jurgens, 143 La. 1092, 79 So. 872, wherein the court permitted recovery because of lack of probable cause:
"The charges of fraud were essentially injurious to appellant, and, having been found to be untrue, were libelous." (Emphasis supplied.)
We have examined the voluminous record compiled on trial of the instant cases and have been unable to find one scintilla of evidence which would indicate even probable cause for the alleged defamatory allegations, and, on the contrary, the complete lack of even a possibly reasonable belief in the truth thereof has been overwhelmingly established.
As to the quantum, the damages claimed by the plaintiff, Oakes, for:
"Humiliation, embarrassment, depreciation of bodily health, anxiety, mental *517 suffering and possible future discomfort and loss of business"
in the sum of $9,000 was allowed by the judgment. The additional claim in the sum of $800 for loss of time and expense in defending the case in the Federal Court was rejected for lack of proof.
The damages claimed by Mr. Meadors and allowed in full, consisted of:

(a). Attorney's fees paid and obligated
 to be paid by petitioner
 in the defense of the suit
 in the Federal Court $1,000.00
(b). Loss of time and expense in
 defending the alleged malicious
 action 500.00
(c). For humiliation, embarrassment,
 depreciation of bodily
 health, anxiety and mental
 suffering 8,000.00

Counsel for defendants strenuously argue that the judgment in favor of Mr. Oakes and the allowance in full of the $8,000 item claimed by Mr. Meadors were grossly excessive.
As correctly pointed out in the opinion of our learned brother of the district court, the case of Kennedy v. Item Company, Inc., 213 La. 347, 34 So.2d 886, 895 (1948) carefully analyzed certain elements and factors that should, of necessity, be taken into consideration with relation to the fixing of damages in cases of libel and slander. Admitting that the amount of the award in the cited case had caused the court a considerable degree of concern, the opinion noted as material elements in the fixing of damages: the severity of the charges, the motives of the publisher, the position of influence and the extent of the circulation of the medium of defamation, and the injured feelings of the party wronged. The opinion contained the following pertinent observation:
"This court recognized more than a hundred years ago that it is almost impossible to evaluate in dollars and cents the extent of damage done a professional man who is maliciously, and without cause, charged with being absolutely ignorant of the first principles of the science he professes * * *."
The elements of damages as established in the Kennedy case have recently been approved by the Supreme Court in Madison v. Bolton, 234 La. 997, 102 So.2d 433.
It is our considered opinion that the offense in the instant case and the damage occasioned thereby substantially exceeds those present in the Kennedy and Madison cases. The plaintiff, Oakes, a respected banker of his home community, for more than fifty years an employee of the Homer National Bank and presently the President and member of the Board of said institution, was not only accused of violation of recognized banking principles but of conspiracy to defraud, which constitutes as grave a charge against an individual engaged in a banking career as could possibly be imagined.
The excellent character, unquestioned integrity, unusual ability and impeccable reputation of this plaintiff is indisputably established in the record by uncontroverted evidence, and, in fact, admitted by counsel for appellants. The degree of damage caused by the scurrilous accusations made by these defendants, indeed, cannot be measured in matters of dollars and cents. Under the circumstances of this case we find the offense to be inexcusable and the consequence thereof almost immeasurable. We find not the slightest excuse, much less reason, for reduction of the quantum of the award.
With respect to the award in favor of the plaintiff, Meadors, his impeccable professional and personal reputation is a matter of common knowledge to every member of the bench and bar of the State of Louisiana. For this reason we deem it unnecessary to comment upon the facts established *518 by the record in this respect. However, there is an additional element of damages which relates directly to the effect upon the health of this plaintiff, who has, unfortunately, been subjected to the physical affection of heart disease, and whose specific impairment and deterioration in health attributable to the unwarranted accusations made against him therefore becomes a matter for consideration. Under these circumstances, we reiterate the observation that we find no possible reason nor excuse for a reduction of the award evidenced by the judgment appealed from.
For the reasons assigned, the judgment appealed from is affirmed at appellants' cost.