393 So.2d 94 (1980)
UNION SERVICE & MAINTENANCE CO., INC.
v.
E. Reid POWELL.
No. 66470.
Supreme Court of Louisiana.
December 16, 1980.
*95 Gary M. Zwain, Johnston & Duplass, New Orleans, for plaintiff-applicant.
Ralpy D. Dwyer, Jr., Many, LoCoco & Dwyer, John C. Saunders, Jr., Guste, Barnett & Shushan, Peter Frank Liberto, New Orleans, for defendant-respondent.
DIXON, Chief Justice.[*]
Plaintiff corporation filed suit against defendant, who was formerly an officer and director of the corporation, alleging that defendant had failed to satisfy an indebtedness to the corporation in connection with various transactions. Defendant then filed an answer and a third party demand against Raymond S. Walters, at that time the sole or principal shareholder of plaintiff corporation, alleging breach of contract. Plaintiff later amended its petition, charging defendant with fraud. In a subsequent answer and third party demand, defendant denied any wrongdoing and asserted an action sounding in defamation against Walters, the third party defendant. Defendant sued for $100,000, claiming that Walters was responsible for the defamatory allegations in plaintiff's amended petition.
Third party defendant Walters excepted to the demand, contending that it failed to state a cause of action against him personally, and later arguing that a party cannot bring an action for defamation on the basis of allegedly libelous pleadings in a suit which is still pending.
The district court overruled the exceptions, and the Fourth Circuit denied writs. This court granted a writ of review in order to resolve an apparent conflict among the circuits on the question of whether a party who is defamed by the pleadings in a lawsuit must await the termination of that suit before suing for defamation.
We must initially note, however, that the case is presented in an awkward procedural posture. The parties to this litigation have consistently assumed that defendant's demand is a reconventional one, asserted against the plaintiff. C.C.P. 1061. This is not the case. Defendant has failed to reconvene against the plaintiff corporation, alleging instead that Walters, the third party defendant, is solely responsible for the corporation's actions. The defamation action is brought, not through a reconventional demand, but by the procedural vehicle of a third party demand. Such a demand cannot be asserted in this context.
C.C.P. 1111 states in part:
"The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand."
The jurisprudence interpreting this provision has consistently observed that the third party demand is a device principally used for making claims of contribution or indemnity in the event that defendant is cast in judgment on the principal demand. Avegno v. Byrd, 377 So.2d 268, 273 (La. 1979). Under the circumstances of this case, it is clear that defendant's third party defamation action does not seek to hold *96 Walters responsible for all or part of the principal demand. The third party demand therefore fails to state a cause of action. Karam v. St. Paul Fire & Marine Insurance Co., 281 So.2d 728 (La.1973) fully discussed the problem and its history; its holding is adverse to relator.
Perhaps in recognition of the defective nature of the pleading, counsel for defendant implies that the third party demand can be treated as a reconventional demand for the purposes of this litigation. This court has long followed the rule that technical rules of pleading should not prevent the just disposition of a case:
"The characterization of a pleading by the litigant is not controlling. Pleadings are taken for what they really are, and not for what their authors designate them. A court should not eject a justiciable cause merely because it is dressed in the wrong coat." Succession of Smith, 247 La. 921, 928, 175 So.2d 269, 271 (1965).
It appears from the record that defendant's charge of defamation was originally filed as a "reconventional demand." Nevertheless, the allegations forwarded by defendant make clear defendant's contention that Walters was "personally responsible" for the allegedly defamatory allegations contained in plaintiff's amended petition; defendant plainly sought to hold Walters personally liable and not the plaintiff corporation.
We are not unaware that, because C.C.P. 1111 offers only a rather limited cross claim between defendants, otherwise impermissible third party actions have been allowed by characterizing them as interventions. See, e. g., Travelers Insurance Co. v. Sonnier, 344 So.2d 73 (La.App.4th Cir. 1977); Gehr v. Department of Highways, 337 So.2d 691 (La.App.4th Cir. 1976); Gallin v. Travelers Insurance Co., 323 So.2d 908 (La. App.4th Cir. 1975); Bellow v. New York Fire & Marine Underwriters, Inc., 215 So.2d 350 (La.App.3d Cir. 1968); "Work of Appellate Courts: Civil Procedure," 38 La.L.Rev. 503, 507-509 (1978) and 37 La.L.Rev. 528, 529-530 (1977). These cases represent laudatory efforts in the courts of appeal to do justice and decide the whole case. Here, however, the code is clear, and relator has a right to rely on its provisions. The defendant has not been constricted in pursuing his claims by the rules of procedure; he has instead ignored an available procedural vehicle that would have allowed him to bring his claim before the court, preferring to pursue his claim against Walters personally, and in the same suit.
One procedure available to the defendant was to reconvene against the plaintiff corporation, alleging the action in defamation. If defendant had grounds to assert that Walters' presence as a defendant in the reconventional demand was necessary for complete relief, Walters could have been made a defendant in reconvention under C.C.P. 1064:
"When the presence of parties other than those to the principal action is required for the granting of complete relief in the determination of a reconventional demand, the court shall order the plaintiff in reconvention to make such parties defendants in reconvention, if jurisdiction of them can be obtained."
Comment (a) under that article states in part:
"... The reconventional demand was broadened so as to permit the defendant to assert whatever action he may have against the plaintiff, even though this reconventional demand may require the presence of third persons indispensable to the action, if jurisdiction over the latter can be obtained."
C.C.P. 1064 is comparable to F.R.C.P. 13(h), which permits indispensable or necessary parties to be joined in lawsuits. Considering defendant's allegation that Walters is the sole shareholder of plaintiff corporation, and that he used the corporate identity as a device for defaming defendant, Walters might certainly qualify as a necessary party to the suit under C.C.P. 642. Cf. State of Louisiana, Through Dept. of Highways v. Lamar Advertising Co., 279 So.2d 671 (La. 1973).
Nevertheless, the issue of whether a party can sue for defamation during the pendency *97 of a lawsuit because of allegedly defamatory pleadings is not properly before us. Taking the pleadings as they "really are," we find that defendant attempted to assert a third party action against Walters on grounds not authorized by C.C.P. 1111, and not within the scope of C.C.P. 1061 or 1064.
For the foregoing reasons, this court cannot reach the issue for which the writ was originally granted. Defendant's demand does not set forth a cause of action cognizable within the procedural rules of third party practice. The exception is valid, and the judgment of the district court is reversed, at relator's cost.
CALOGERO, J., concurs and assigns reasons.
LANDRY, J. ad hoc, concurs for reasons assigned by CALOGERO, J.
WATSON, J., concurs and assigns reasons.
CALOGERO, Justice, concurring.
I concur in the result reached by the majority, that the issue of whether the defamation suit may be brought during the pendency of the suit in which the defamatory allegations arose is not properly before the Court, but not for the reasons assigned by the majority. Rather, I believe that Powell's third party demand against Walters for defamation, because of allegations made by Union in Union's petition, does not state a cause of action against Walters.
If it did state a cause of action, I do not believe that Powell's defamation suit against Walters should be barred simply because there is pending the corporation's suit charging Powell with fraud. A defendant to a lawsuit is not barred from suing a person not party to the litigation for libel or slander simply because in asserting and proving his damages he alleges that the defamatory statements caused a lawsuit to be filed against him.
On the other hand, if we were to assume that Powell's third party demand against Walters for defamation properly states a cause of action against him, as was concluded by the majority, then I disagree with the majority treatment of the matter. What the majority says is not incorrect, except upon considering a fact that is not mentioned in the opinion.
That relevant fact was this. Powell initially brought an incidental action against Walters that was styled "Third Party Demand" and did comply with the requirements for a third party demand provided in C.Civ.P. art. 1111, because it sought reimbursement of such amount as Powell might owe Union in the original suit (for reasons unrelated to defamation). It was only after this that plaintiff Union amended its petition and charged Powell with making fraudulent transactions. This prompted Powell to amend his third party petition against Walters and add a defamation claim to his demand.
While this later supplemental third party claim for defamation does not, as stated by the majority, simply pray for reimbursement as authorized by C.Civ.P. art. 1111, its cumulation with the other third party claim is nevertheless authorized by C.Civ.P. arts. 1040 and 462.[1] Admittedly, under C.Civ.P. art. 465,[2] if such a cumulation of claims *98 would interfere with the "orderly disposition of the case" or if it "would otherwise be in the interest of justice," the court may order that they be tried separately. But that is a judgment call that has not here been made. Were I called upon to make such a determination, I would feel that it was in the best interest of all the parties and judicial economy to allow the cumulation because evidence concerning the respective claims is interrelated.
In summary, our desisting from considering the issue which prompted the writ grant is appropriate, but not for the reasons assigned by the majority. Therefore, I concur.
WATSON, Justice, concurring:
I disagree with the majority's theory that there was not a valid reconventional demand against Walters. Although Walters was labeled a third party defendant, Powell in effect reconvened against Walters as the alter ego of the plaintiff corporation. This is conceded by the parties. The exception of no cause of action by Walters "... excepts to the reconventional demand of ... Powell ..." (Tr. 21). However, I concur in the majority's conclusion that Powell failed to state a cause of action for the following reasons:
There is a conflict in the circuits on the question of whether a party allegedly libeled in the pleadings of a lawsuit can sue for that libel prior to termination of the suit. Marionneaux v. King, 331 So.2d 180 (La.App. 1 Cir. 1976); Coleman v. Kroger Co., 371 So.2d 1186 (La.App. 1 Cir. 1979), writ refused 372 So.2d 1041; Lees v. Smith, 363 So.2d 974 (La.App. 3 Cir. 1978); Calvert v. Simon, 311 So.2d 13 (La.App. 2 Cir. 1975); and Viera v. Kwik Home Services, Inc., 266 So.2d 732 (La.App. 4 Cir. 1972), writ refused, judgment not final, 268 So.2d 258.
Because LSA-C.C.P. art. 1061 does not require connexity between the principal and reconventional demands, Viera decided that a libel claim can be brought by reconventional demand in the suit containing the alleged libel. Viera is not without precedent. Sabine Tram Co. v. Jurgens, 143 La. 1092, 79 So. 872 (1918) allowed a reconventional demand for libel in a suit alleging fraud without discussion of the termination requirement. There the question of fraud was apparently decided by judgments in separate suits before the reconventional demand was considered. See also Pelletier v. Pugh, 16 La.App. 693, 132 So. 769 (1931) and Story v. Martin, 217 So.2d 758 (La.App. 4 Cir. 1969). However, most of the Louisiana authorities state that the suit alleged to contain the libel must be brought to a conclusion before damages can be claimed by a party to the suit. See, for example, Manuel v. Deshotels, 160 La. 652, 107 So.2d 478 (1926); W. B. Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663 (1911); Loew's, Incorporated v. Don George, Inc., 237 La. 132, 110 So.2d 553 (1959); Marionneaux v. King, supra; Coleman v. Kroger Co., supra; Lees v. Smith, supra; Calvert v. Simon, supra. In a per curiam denial of rehearing, the Viera court indicated that its ruling does not discourage valid claims because relevant statements in judicial proceedings "... cannot form the basis of a libel action." 266 So.2d 737.
Every other jurisdiction in the United States recognizes an absolute privilege for relevant defamatory matter published in judicial pleadings when the court has jurisdiction of the suit. The privilege allows prospective litigants access to courts of justice with no fear of a counterclaim for libel. See 38 A.L.R.3d 272, § 3; 50 Am.Jur.2d § 238; Prosser Torts 4th Ed. pp. 777-781; and 53 C.J.S. Libel § 104.
Some Louisiana cases indicate an absolute privilege for pertinent matters published in a judicial proceeding by one of the parties but these are in the minority. Gardemal v. McWilliams, 43 La.Ann. 454, 9 So. 106 *99 (1891) is an example of the genre and shows common law influences. This view was rejected in later cases: Lescale v. Joseph Schwartz Co., 116 La. 293, 40 So. 708 (1906) specifically repudiated the idea that material matters are necessarily privileged. Cotonio v. Guglielmo, 176 La. 421, 146 So. 11 (1933) points out that: "... litigants must be careful to see that they have probable cause." 146 So. 14.
The Louisiana rule is unique. In Louisiana, alone, relevant written allegations in judicial proceedings can form the basis for a libel action, if false, malicious and made without probable cause. Gosserand v. Gumbel, 154 La. 537, 97 So. 852 (1923); Oakes v. Alexander, 135 So.2d 513 (La.App. 2 Cir. 1961), writ denied; Wimbish v. Hamilton, 47 La.Ann. 246, 16 So. 856 (1895); Sunseri v. Shapiro, 138 So.2d 661 (La.App. 4 Cir. 1962); Waldo v. Morrison, 220 La. 1006, 58 So.2d 210 (1952). Allegations may be material but false and actionable. Lescale, supra; Cotonio, supra.[1]
The distinction drawn in Viera[2] between suits for malicious prosecution and those for libel is unsound. See Giordano v. Tullier, 139 So.2d 15 (La.App. 4 Cir. 1962); the comment by Professor Wex S. Malone at 15 La.Law Rev. 314; Acme Stores, Inc. v. Better Business Bureau, 225 La. 824, 74 So.2d 43 (1954); and 12 StoneLa. Tort Doctrine, p. 238. Both actions are based on fault produced damage under Civil Code art. 2315. There is little to distinguish them.
Opinions prior to Viera had noted the appeal of the arguments favoring simultaneous trial of the merits and contingent libel issues. Robinson Mercantile Co. v. Freeman, 172 So. 797 (La.App. 1 Cir. 1937). However, Judge Boutall's dissent in Viera states the better view: "... it is an essential ingredient to the cause of action that there be a termination of the case in which the allegedly libelous statements appear...". 266 So.2d 736.
Well summarized in Calvert v. Simon, supra, is the reason for the rule:
"Louisiana law permits recovery by a party damaged by libelous statements made without probable cause and with malice by another party in a judicial proceeding, but consistent with orderly procedure and the concept of unhampered expression in the course of litigation, requires the party claiming such damage to await the determination of the original proceeding. Although the outcome of the original proceeding may not necessarily determine the issue of whether a party thereto can subsequently recover for libelous statement made therein, in most cases the outcome of the original suit will have a strong bearing on determination of that issue." 311 So.2d 17.
Allegations of fraud may be proven at trial, incidentally deciding the question of defamation. See, for example, Russo v. Kelly, 228 So.2d 736 (La.App. 4 Cir. 1969), writ denied, 255 La. 472, 231 So.2d 392. Compare Dunn v. Southern Ins. Co., 116 La. 431, 40 So. 786 (1906). Premature trial of such thorny issues should be avoided. It may develop that trial is never necessary. The truth of defamatory statements is a statutory defense. LSA-R.S. 13:3602.
The Louisiana Constitution of 1974 guarantees redress for defamation injury in Art. 1, § 22:
"All courts shall be open, and every person shall have an adequate remedy by *100 due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights."
Louisiana has an exceptional approach to defamation in judicial pleadings. The protection extended to a libeled party is broader than that in any other jurisdiction. The only limitation is termination of the suit containing the libel, and this requirement only prevails when the injured person is also a party to the suit. Monier v. Fontenot, 165 So. 481 (La.App. 1 Cir. 1936); Lescale v. Joseph Schwartz Co., 116 La. 293, 40 So. 708 (1906). A party to a suit can insist that it be brought to trial, move for summary judgment or otherwise protect himself against delay. It is only when the complainant is a party to the proceeding and has "... a voice in bringing it to its termination," that a defamation action must await that termination. Monier v. Fontenot, 165 So. 481 at 483.
Viera erred not in allowing the demand by reconvention but in allowing it at all prior to termination of the suit. The purpose of requiring an end to the initial litigation is obvious. A trier of fact who is trying to resolve conflicting claims should not have the further burden of deciding at the same time whether defamation is involved in the pleadings of one party or the other.
Those who labor daily in the law often do not realize the impact of a suit on the average layman. John Citizen when named a defendant usually reacts with a desire to sue for the insult. However, by the conclusion of trial, his temper has generally cooled and he is happy to be free of the court system. Encouraging a countersuit for defamation in each and every lawsuit discourages legitimate claims and burdens the courts unnecessarily.[3]
Corporate plaintiff Union alleged fraud by Powell. If, as alleged, Walters is responsible, he is liable even though the allegation issued in the name of Union. Walters cannot use the corporation as a vehicle for irresponsible libel and shield himself behind the corporation identity. A charge of fraud is, of course, defamatory. Sabine Tram Co. v. Jurgens, 143 La. 1092, 79 So. 872 (1918). Such an allegation in a lawsuit is justified if true and material to the suit. LSA-R.S. 13:3602; LSA-C.C.P. art. 856. If material but false, the party responsible must have a reasonable belief in the truth of the statement and probable cause for making it. Whether this charge of fraud is true or has a reasonable basis will probably be revealed at trial. If, as alleged by Powell, the charges by Union are actionable, his cause of action will arise after trial on the merits. It is now premature; Powell has no cause of action at this time.
I respectfully concur.
NOTES
[*] Lemmon, J., recused; Chief Judge Paul B. Landry, Retired, participated in this decision as an Associate Justice Ad Hoc.
[1] C.Civ.P. art. 1040 provides:

"Unless the context clearly indicates otherwise, wherever the words `plaintiff' and `defendant' are used in this Code, they respectively include a plaintiff and a defendant in an incidental demand."
C.Civ.P. art. 462 provides:
"A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if:
(1) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(2) All of the actions cumulated are mutually consistent and employ the same form of procedure.
Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same judicial demand if pleaded in the alternative."
[2] C.Civ.P. art. 465 provides:

"When the court is of the opinion that it would simplify the proceeding, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulated actions, even if the cumulation is proper."
[1] An absolute privilege does attach to the testimony of witnesses in Louisiana by statute. LSA-R.S. 14:50(2).
[2] The Viera rule has been approved on the ground that an action for legal defamation, as opposed to one for malicious prosecution, need not await termination of the suit containing the damage. See 36 La.Law Rev. 820. The article errs in stating:

"The integrity of the judicial privilege is not threatened by the Viera approach because material allegations may still be made without fear of liability." 36 La.Law Rev. 826.
The Louisiana rule is that allegations must be not only material but also true, or made in good faith, to avoid liability. The author confuses the common law privilege for all material allegations with the Louisiana rule.
[3] See Prosser Torts 4th Ed. at p. 738 which notes that when actions for defamation moved from the ecclesiastical courts to those of the common law, "... an unexpected flood of actions was let loose upon the judges ...". In this respect, human nature appears immutable.