## No. 4783.

## P. M. KELLY vs. JOHN B. LAFITTE.

The court *a qua* erred in dismissing the suit on the exception that the petition contains no cause of action.

If defendant, without probable cause, maliciously made the affidavit containing the libelous matter and filed it in a suit to which he was not a party, and plaintiff has been damaged thereby in his business and in his reputation as a good citizen and an honorable man, the defendant, by whose fault it happened, should repair the damage; and for the purposes of this trial the allegations of plaintiff are taken to be true.

If the principle contended for by defendant, that no responsibility can result for libelous matter contained in a paper filed in court, be recognized as correct, one desiring to blacken the character and destroy the business of another can do so with impunity by availing himself of the right to file an affidavit in support of a motion for a new trial. Consequently the reputation of no man in this community would be safe.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. Thomas J. Cooley*, for plaintiff and appellant. *Carleton Hunt* and *William H. Hunt*, for defendant and appellee.

WYLY, J. Plaintiff appeals from the judgment dismissing, on the plea of no cause of action, his demand against the defendant for fifty thousand dollars damages for an alleged libel.

Plaintiff alleges that on the trial of the suit of Chaffraix & Agar vs. Morton, Bliss & Co. he gave evidence as a witness, and the case was decided against Morton, Bliss & Co.; that in support of their motion for a new trial John B. Lafitte, a member of the firm of John B. Lafitte & Co., who were agents of Morton, Bliss & Co., made an affidavit, which was filed in court and read on the trial of said motion, which contained the

libelous matter complained of; that in said affidavit the said John B. Lafitte clearly and explicitly charged plaintiff with having sworn falsely, knowingly, in relation to facts material to the issue, and in effect that plaintiff was corruptly guilty of perjury, which is a criminal offense, punishable with imprisonment at hard labor in the Penitentiary. After setting out the libelous words of the affidavit, plaintiff alleges that said charges in said affidavit are false and calumnious and injurious to his reputation and feelings, and have the effect of preventing him from getting employment in his occupation as a sugar-broker, and have a tendency to alienate from him the respect and esteem of his fellow-citizens, which is above all price; that said charges were maliciously made and sworn to by said Lafitte without probable cause, and there was no legitimate reason for making said charges in the conduct of said suit.

We think the court erred in dismissing this suit on the exception the petition contains no cause of action.

If defendant without probable cause and maliciously made the affidavit containing the libelous matter, and filed it in a suit to which he was not a party, and plaintiff has been damaged thereby in his business and in his reputation as a good citizen and an honorable man, we think the defendant, by whose fault it happened, should repair the damage. Revised Code, 2315, 2316, 2317. And for the purpose of this trial the allegations of plaintiff are taken to be true.

If the principle contended for by defendant, that no responsibility can result for libelous matter contained in a paper filed in court, be recognized as correct, one desiring to blacken the character and destroy the business of another can do so with impunity by availing himself of the right to file an affidavit in support of a motion for a new trial; consequently the reputation of no man will be safe in this community, and all responsibility under the articles of the Code referred to may be easily evaded.

It is therefore ordered that the judgment herein be annulled, and that this cause be remanded for trial on the merits, appellee paying costs of appeal.