Dearmond vs. St. Amant.

No. 10,108.

## JOSEPH DEARMOND VS. JOSEPH ST. AMANT.

In this action for malicious prosecution the evidence fails to establish that the defendant acted with malice and without probable cause, which are essential to support such a suit.

APPEAL from the Twenty-second District Court, Parish of Ascension. *Duffel*, J.

*R. N. Sims* and *E. N. Pugh* for Plaintiff and Appellant.

*White & Saunders* and *E. McCulloch* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. This is an action for defamation of character and malicious prosecution.

The defamation of character alleged consists merely in making public statements that plaintiff was guilty of the crime for which he was arrested and prosecuted upon the affidavit of defendant. Manifestly the slander is merged in the prosecution, and if the prosecution is not actionable, neither is the slander.

The record shows that an attempt was made in the night time to burn down defendant's store. It was a palpable attempt at deliberate arson, only thwarted by a fortunate discovery and alarm in time to extinguish the flames.

Arson is one of the most dangerous and cowardly of all crimes, and none is calculated to impress its victim with a deeper sense of alarm and insecurity. It was natural that defendant should have been anxious to discover and punish the perpetrator of such a crime.

He employed a professional detective in New Orleans and brought him to the parish to aid him in ferreting out the criminal. Evidence was obtained pointing to one Joseph Guédry as the guilty person, and he was arrested and confined in the parish jail.

While so confined he made to the sheriff a most circumstantial confession to the effect, substantially, that he had been engaged by plaintiff to burn the store; that they had gone together and set fire to it; that Dearmond had told him that a mercantile rival of defendant had promised to give $1500 for the burning of defendant's store; that plaintiff had gone early next day to the rival's store to claim the reward, but that the merchant had refused to pay, because the attempt had not succeeded.

This confession, repeated several times, was communicated by the

sheriff to the defendant and also to the district attorney, and, after consultation between the three, it was determined that plaintiff should be arrested. The district attorney prepared an unqualified affidavit charging plaintiff with the crime, but defendant declined to make it in that form, saying that he could only swear from information received and not of his own knowledge; whereupon the affidavit was so changed, and defendant made oath to it before the judge, who issued his warrant for the arrest of plaintiff.

Unwilling, however, to have the arrest made without further inquiry, the defendant asked time to make such, and it was determined that the warrant might be held subject to his discretion, after further investigation. Defendant thereupon engaged another detective from New Orleans to assist him in further investigations. After several days thus employed, resulting in the discovery of various circumstances tending to confirm the confession of Guédry, the arrest was made by defendant and the detective, to whom the sheriff had given the warrant, and plaintiff was incarcerated.

It turned out that Guédry's confession had been obtained by the sheriff under threats of the certainty of his conviction and under promises that if he would tell all he should be set free. Of course, such confession was inadmissible as evidence for any purpose, and upon the preliminary examination before the judge Guédry was discharged.

On the following day the district attorney entered a *nolle prosequi* in the case of plaintiff and he was discharged, after a confinement of about one week.

Neither defendant nor the district attorney was informed of the threats and promises by which the confession of Guédry was obtained.

The sheriff admits that, after getting the confession, he suggested to defendant to make an affidavit against plaintiff. The district attorney states that, having no reason to doubt its truth, he "considered that confession alone sufficient for him to advise the affidavit and warrant."

If plaintiff is innocent of this heinous charge, as the law presumes him to be, he has undoubtedly suffered a great wrong; and for him to be compelled to bear it without redress is, indeed, a hardship, but it is one of those sacrifices which the individual is required to make to the interests of society. It is not only the lawful right, but the civil duty of every citizen, to set on foot criminal proceedings whenever he believes honestly and on reasonable grounds that a crime has been com-

mitted. The social interests require, and the law invites him thus t⁰ aid the State in the discovery and punishment of crime ; and it would be equally unjust and impolitic to make him a guarantor of the success of the prosecution, or to make its failure an actionable wrong.

Hence, the law wisely holds the prosecutor harmless in such a case, notwithstanding the acquittal of the person accused, unless his conduct has been tainted by two concurrent vices : 1. Malicious motive. 2. Want of probable cause, *i. e.*, absence of reasonable grounds for believing in the truth of the charge made.

. From the huge volume of testimony in this case we have selected and detailed a few of the pertinent and indisputable facts, the effect of which is not, in our judgment, destroyed by any others of the numerous facts and circumstances proved. It would serve no useful purpose to discuss the latter. Suffice it to say that the record fully satisfies us that the defendant acted throughout in good faith, from honest motives, on probable and reasonable grounds, and without malice, express or implied.

It is, therefore, ordered, adjudged and decreed that the verdict and judgment appealed from be annulled and set aside, and that there be now judgment in favor of defendant, rejecting the demand of plaintiff, at the latter's cost in both courts.