Sibley vs. Lay.

---

## No. 344.

### ROBT. M. SIBLEY VS. J. FRANK LAY.

In this action for defamation and malicious prosecution the evidence fails to establish the facts that the defendant acted with malice and without probable cause.

Having pleaded justification the burden of proof is upon the defendant that he acted upon probable cause, without malice and upon reasonable grounds of belief.

APPEAL from the Second District Court, Parish of Bossier. *Watkins, J.*

---

*W. U. Richardson, A. J. Murff* and *Joannes Smith* for Plaintiff and Appellee:

ON THE MERITS.

1. The only defences to slander are a denial, justification or confession. 3 An. 69; 6 An. 779; 14 An. 198, 406; 15 An. 166; 36 An. 469; 38 An. 161.

2. There is no such thing as half-way justification; hence, justification and denial are inconsistent. Townsend's Libel and Slander, par. 212 and note; 38 An. 161; 10 An. 231; 28 An. 238.

3. The only defence in this case is justification, and the burden of proof is all upon the defence to show exoneration from liability. 34 An. 1265; 36 An. 467; 38 An. 161.

. To charge one with burglary is calculated to injure and damage one in his business character, in the estimation of his friends and in the eyes of the public, and one making such a charge must know the injurious effect it is calculated to produce. 40 An. 423 and references.

5. To charge one with burglary without *good and reasonable grounds* is within itself a legal imputation of malice (11An. 206; 33 An. 914; 38 An. 161), and needs not be proved, 3 L. 207; 25 An. 170.

6. Malice implied, in the use of slanderous words and charges, does not mean *necessarily* a spite against the individual, but it means a *wanton* disregard for the rights of others. 36 An. 469; 27 An. 214; 16 L. 389; 40 An. 423.

7. Injuries to one's feelings, his social standing and business character, are legitimate grounds for damages. 17 An. 64; 19 An. 322; 23 An. 280; 38 An. 162.

8. The reasonable grounds for belief, upon which a probable cause must be based, must be supported by circumstances sufficiently strong to warrant a *cautious* man in the belief that the one charged is guilty. 33 An. 392; 41 An. 303. A simple belief or supposition will not shield one. 36 An. 378; 41 An. 57.

---

*J. A. Snider* and *Wise & Herndon* for Defendant and Appellant:

1. The slander charged in this case consists in making public statements that plaintiff was guilty of burglary and larceny.

2. The grand jury of this parish indicted this plaintiff for burglary and larceny.

3. The slander became merged in the prosecution, and if the prosecution is not actionable, neither is the slander. 40 An. 374.

4. If not identical with the action for malicious prosecution, it is germane to it and resembles it. 33 An. 1266.

5. In an action for slander or for malicious prosecution, the plaintiff must prove: (a) that there was no probable cause for the accusation, or for the prosecution: (b) that it was actuated by malice; (c) that he has sustained damage thereby. All these must exist, and the burden of proof is upon the plaintiff. 3 R. 17; 9 R. 240; 8 An. 12 and 130; 10 An 537; 12 An. 333; 13 An. 274; 16 An. 3; 33 An. 915 and 1268; 34 An. 1147.

6. Probable cause does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the prosecution. However innocent the plaintiff may have been of the crime charged, it is enough for defendant to show that he had reasonable grounds for believing him guilty at the time the charge was made. Ibid.

7. An acquittal is not proof of want of probable cause. Ibid.

8. Actions like this are not favored by the law, and must be cautiously entertained. 3 R. 20; 15 An. 605; 40 An. 375

---

The opinion of the court was delivered by

McENERY, J. This is a suit for damages for defamation of character. The plaintiff alleges in his petition "that J. F. Lay, being instigated by malice against petitioner and in wanton disregard of all social duty, and with the view to defame petitioner and to bring him into disrepute and dishonor, did falsely, maliciously and publicly, at divers times and to divers persons, accuse your petitioner of being implicated in breaking and entering, on or about April 30, 1889, the store house of the said Lay at Borden Station, in the parish of Bossier, with intent to steal."

The defendant, Lay, for answer, pleads justification and want of malice.

There was a verdict and judgment for the plaintiff for $500 damages, from which the defendant appealed.

Having admitted that he made the charge, the burden of proof that he acted upon probable cause, in honest belief, based upon reasonable grounds, rests upon the defendant. 34 An. 1265; 36 An. 461; 38 An. 161.

The defendant's store was broken into on April 30, 1889. He charged the plaintiff, a former clerk, with having committed the burglary and larceny in conjunction with others. These declarations were made openly and publicly, and, although a criminal prosecution was not instituted for some months afterward, the charges were made in the course of investigation to ascertain the guilty parties. It was the defendant's store which was entered, and it would be unreasonable to suppose that, in conducting the investigation, he should keep absolutely silent as to the person to whom the evidence would point as the guilty party. A term of court intervened without the fact of the burglary being brought to the attention of the grand jury, and in the meantime no affidavit had been made before a justice of the peace denouncing the plaintiff for having committed the crimes of burglary and larceny. Some months afterward, in the month of February following, after the institution of this suit, the defendant brought the matter to the attention of the grand jury, and a bill was found against plaintiff for breaking into defendant's store. The plaintiff was tried and acquitted. The slander thus became merged in the prosecution, and if the prosecution is not actionable, neither is the slander. Dearmond vs. St. Amant, 40 An. 374.

In the case just referred to, as in the case at bar, the defendant moved cautiously, and refused to prosecute, although urged to do so by the district attorney, until he had made further investigation into the charge urged against him by the plaintiff. We do not think the delay in bringing the offense to the attention of the grand jury can be urged as a part of the proof of the want of justification and malice in the alleged defamation. The civil suit was tried after the acquittal of the plaintiff, which resulted in a mistrial. At a subsequent trial there was the verdict and judgment for the plaintiff which was appealed to this court.

Sibley vs. Lay.

We have carefully reviewed the testimony in the record. We are convinced that the defendant acted without malice, and from an honest belief based upon reasonable grounds. Vinas vs. Ins. Co., 33 An. 1266.

The defendant, when informed of the burglary in the morning, made an immediate examination. From the window where the entry into the store was made he saw footprints leading directly to the house occupied by the plaintiff. The plaintiff admitted that one of the footprints was probably made by him, as he had been to the store the evening before to a rubbish pile to get kindling wood. The footprint was of the size of defendant's foot, and made by a shoe or boot square toed, which he wore.

The defendant had seen the plaintiff the evening before at the rubbish pile, but a rain had intervened which would have obliterated the track then made. He had good reason to believe that the track was made by the plaintiff, although he may have made a second visit, after the rain, to the rubbish pile. He was told by a negro, whose testimony and character were unimpeached, that the night before he had seen the plaintiff with two negroes, with tools, going to the store. The negro witness may have been and probably was mistaken; the footprints may have been made after the rain by the plaintiff in going to the rubbish pile. But the defendant had a reasonable ground of belief that the tracks he discovered were those of the burglars, and the statement of the negro witness was true. Under these circumstances, having a reasonable ground to believe that the plaintiff had committed the burglary from facts coming to his knowledge in the course of an honest investigation to find out the guilty parties, there can be no malice imputed to him.

It was the duty of the defendant to make the investigation. It was his duty to repeat the facts to the grand jury and institute a judicial investigation.

The grand jury found an indictment for the offence against the plaintiff. The facts were such that this grand inquest found it necessary to put him upon his trial. This public accusation is evidence, at least, that the defendant had reasonable ground for charging the plaintiff with having entered his store in the night-time.

The plaintiff was undoubtedly innocent of the crime. A jury gave him a trial and acquitted him. But the failure to convict is not

evidence of malice or want of probable cause on the part of the prosecutor. 34 An. 1268.

The plaintiff has been unfortunate, and he has undoubtedly suffered a wrong, and has been the victim of unfortunate circumstances, which have appeared against him, "and for him to be compelled to bear it without redress is indeed a hardship, but it is one of those sacrifices which the individual is requested to make to the interest of society. It is not only the lawful right, but the civil duty of every citizen to set on foot criminal proceedings whenever he believes honestly and on reasonable·grounds that a crime has been committed. The social interests require and the law invites him thus to aid the State in the discovery and punishment of crime, and it would be equally unjust and impolitic to make him a guarantor of the success of the prosecution or to make its failure an actionable wrong." Dearmond vs. St. Amant, 40 An. 374.

The record fully satisfies us that the defendant acted throughout in good faith from honest motives, on probable and reasonable grounds, without malice express or implied.

It is therefore ordered, adjudged and decreed that the verdict and judgment appealed from be annulled and set aside, and that there be now judgment in favor of defendant, rejecting the demand of plaintiff at his costs in both courts.