**MONIER v. FONTENOT.**

No. 1534.

Court of Appeal of Louisiana. First Circuit.

Jan. 28, 1936.

L. Austin Fontenot, of Opelousas, and Guillory & Guillory, of Ville Platte, for appellant.

Lewis & Lewis, of Opelousas, and Roland B. Reed, of Ville Platte, for appellee.

LE BLANC, Judge.

The plaintiff, Dorcenus Monier, appeals from a judgment in the lower court which dismissed his suit on an exception of no cause of action.

The demand is one for damages against the defendant, Jean Pierre (J.P.) Fontenot, arising out of an alleged libel and slander. The libel is claimed to be based on an affidavit made before a justice of the peace of the Fifth police jury ward of the parish of Evangeline, in which the defendant charged plaintiff and one Jercy Chapman with a conspiracy to burn his dwelling house. The slander is alleged to have been uttered on two different occasions mentioned in the petition, subsequent to the making of the affidavit referred to, and in the presence of divers persons, in which substantially the same charges as contained in the affidavit were repeated.

In his petition, plaintiff avers that, after the affidavit was made, the charge was presented to the grand jury of the parish of Evangeline and that no action has ever been taken, and neither has the district attorney ever filed an information or taken any steps to bring the charge to a determination. He avers further that he was advised by his attorney that he could not have a civil action for malicious prosecution maintained, as he would be met with the contention that, before such action could be entertained, the criminal prosecution would have to be terminated, and for that reason he is instituting this action for slander and libel.

The petition contains an allegation based on information and belief that, when defendant first called on the justice of the peace for the purpose of making the said affidavit, he was advised by that official not to make the charge, for the reason that he did not have probable or justifiable cause therefor, and that it was not then made. It is averred further that, notwithstanding the advice given him by the justice of the peace, defendant did, on the following day, return to that official's office and gave him the information on which the affidavit was then prepared and signed.

The petition alleges that the affidavit signed by the defendant was false and malicious, to his knowledge, and that it was made without probable or justifiable cause. It then sets out at some detail the purported slanders alleged to have been spoken on two different occasions, and brands them both as being false and untrue, to the knowledge of defendant, and charging the latter with having uttered them with a malicious intent to further injure the plaintiff.

The demand is for the sum of $1,000, divided into two items of $500 each, one being for humiliation, mortification, mental suffering, and worry, and the other for injury to reputation and good standing in the community.

The exception which was maintained in the lower court is predicated on the proposition as laid down in the cases of Dearmond v. St. Amant, 40 La.Ann. 374, 4 So. 72, and Sibley v. Lay, 44 La.Ann. 936, 11 So. 581, to the effect that, in cases where a slander is uttered following a prosecution for an offence, the slander becomes merged with the prosecution, and, if the prosecution is not actionable, neither is the slander.

We must bear in mind in this case, however, that the action is predicated on an alleged libel growing out of an affidavit

charging an offense which, if we are to believe the allegations of the petition, has little chance of ever being prosecuted, since neither the grand jury nor the district attorney took steps to do so after the matter was called to their attention. The allegations made in this connection may be said to negative any intention on the part of the official to prosecute, and, if they have no such intention, should this plaintiff, who otherwise may have a good cause of action, be made to wait indefinitely for an event that will never happen, to assert it? It is elementary, of course, that in passing on an exception of no cause of action the court has to take the allegations of the petition as true.

■ The rule to the effect that an action for libel based on an affidavit filed in a judicial proceeding cannot be entertained until that proceeding has terminated governs in those cases where the party claiming to have been libeled by the affidavit is a party in that proceeding and has control over it or at least a voice in bringing it to its termination. But it would be an inequitable rule were it to apply in a case where the alleged injured party is not himself a party in the proceeding in which the alleged libelous matter appears and can do nothing to have it disposed of. The Supreme Court, in the case of Lescale v. Joseph Schwartz Co. Ltd. et al., 116 La. 293, 294, 40 So. 708, seems to have made that distinction in applying the rule. We quote from the decision 116 La. 294, at page 306, 40 So. 708, 712:

"Conceding such a rule to obtain in cases like the present one, where a libel is charged to have been contained in judicial allegations, such rule could not be applied in the instant case, where the plaintiff was not a party to the suit wherein the allegations complained of were made. Not being a party to the suit, he would have no right to insist upon its being tried, so that, for all he could do, its trial might be postponed indefinitely. If it came to be tried, he would have no right to offer evidence to establish the falsity of the libelous allegations. The result of the suit, or any of the proceedings in it, could not be binding on him. Indeed, it stands to reason that one's right of action cannot be dependent upon what shall be done in a suit to which one is not a party."

■ It is true that in this case plaintiff may be said to be a prospective defendant in a criminal prosecution, and as such would have the right to demand a disposition of the charge preferred against him. But an interval of seven months had elapsed between the date of the alleged libelous affidavit and that of the filing of this suit, and, as yet, no steps whatever had been taken by the prosecuting body of the parish or the district attorney, notwithstanding the fact that the matter had been called to their attention, according to the allegations of the petition. Had plaintiff been indicted by the grand jury or informed against by the district attorney, he would be in a position, as the accused before the court, to force a trial of the issue pending against him, but, with only this affidavit pending, he is powerless to control further proceedings thereunder.

In Scott v. Citizens' Hardware & Furniture Co., Inc., 180 La. 473, 156 So. 469, we find a claim for damages for malicious prosecution arising out of an affidavit made by the defendant for the purpose of obtaining a search warrant to search plaintiff's residence in which he was accused of having stolen property. An exception of no cause of action based on the same rule as is the one filed in this case was overruled on the ground that the search warrant, having been executed by the sheriff who returned that he had not found the stolen property, constituted a sufficient termination of the prosecution to justify the plaintiff in maintaining his suit for damages, even though the justice of the peace and the sheriff intended thereafter to bring the matter before the grand jury at its next session, and because there had been no session of the grand jury subsequent to the issuance of the warrant.

The following we quote from Kelly v. Lafitte, 28 La.Ann. 435: "If defendant without probable cause and maliciously made the affidavit containing the libelous matter, and filed it in a suit to which he was not a party, and plaintiff has been damaged thereby in his business and in his reputation as a good citizen and an honorable man, we think the defendant, by whose fault it happened, should repair the damage. Revised Civil Code, arts. 2315, 2316, 2317. And for the purpose of this trial the allegations of plaintiff are taken to be true."

■ In the case presently before the court, there are specific allegations that the affidavit was made with a malicious intent and without probable or justifiable cause; that its contents are false and un-

true, and all of this to the knowledge of the defendant. Taking these allegations to be true, we are forced to the conclusion that the plaintiff has shown a cause of action in so far as they refer to the affidavit on which the libel is predicated.

With regard to the allegations regarding the slander growing out of the statements uttered by defendant on two occasions following the making of the affidavit, as we understand the decision in the cases of Dearmond v. St. Amant and Sibley v. Lay, supra, it is only when such statements are merged with a prosecution that is not actionable that they themselves are not. Here we have held that the affidavit is actionable, and we know of no reason in view of the sufficiency of the allegations of the petition in connection with them why the statements should not be held likewise actionable.

We are of the opinion that the judgment of the lower court is erroneous; that it should be reversed and the case remanded.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, set aside, annulled, and reversed, and it is now ordered that the case be remanded to the district court for further proceedings according to law; defendant-appellee to pay all costs.

DORE, J., recused.