GULOTTA, Judge.
An alternate writ of certiorari was granted ordering the trial judge to rescind his order requiring defendant to post a bond to secure the payment of any costs incurred by the liquidator in the event that the funds realized by the liquidation were insufficient to satisfy these debts or to transmit the record to this court so that the validity of the order might be ascertained. The trial judge chose not to rescind his order, and the matter is before us on certiorari.
Mrs. Gertrude Wabnig filed suit against Mrs. Small and Royal Crystal Art Co., Inc. in which she sought a money judgment against Royal and an involuntary judicial liquidation of the corporation or partnership existing between herself and Mrs. Small. Plaintiff also sought a preliminary injunction restraining Mrs. Small from disposing of the assets of Royal. Subsequently, the injunction was granted and a liquidator was appointed by the court. After the liquidator was refused access to the property for the purpose of taking an inventory, he petitioned the court for a writ of sequestration alleging that the defendant might remove the property from the state. Thereafter, Mrs. Small, in a reconventional demand, sought damages for wrongful seizure against the liquidator and Mrs. Wabnig. Subsequently, the liquidator filed a motion seeking to have both Mrs. Small and Mrs. Wabnig post a $1,000 bond to secure the payment of any costs that might be incurred by the liquidator should the fund realized by the liquidation be insufficient to pay these debts. The motion was granted, and defendant was ordered to post *367 bond. It is this order which defendant-relator seeks rescinded.
Relator contends that under LSA-R.S. 13:1215 plaintiff can be required to post a bond, but defendant cannot. According to relator, no provision exists in our law requiring defendant to post a bond for costs. We agree. LSA-R.S. 13:1215 in pertinent part reads as follows:
“The defendant in any cause may require the plaintiff or party prosecuting the cause to give bond or other security, in such amount as may be fixed by the court, to secure the repayment on the final termination of the cause of all costs expended by the defendant therein. * * * »
The statute requires the “plaintiff or party prosecuting the cause to give bond or other security.” No such requirement is made of the defendant. The fact that defendant is a plaintiff in reconvention cannot serve as a basis for requiring the defendant to post bond in the instant case. See State ex rel. Nelson and Poppleton v. Judge of the Sixth District Court, Parish of Orleans, 25 La.Ann. 227 (1873), where this contention was rejected by the court. Nor do we find merit in plaintiff’s argument that a separate suit filed by defendant, which was consolidated with the liquidation proceedings, provides the basis for requiring defendant to post bond in this cause. In the separate cause of action which has been consolidated with this suit, Small, as plaintiff, may be required to post bond. She cannot, however, be required to post bond as a defendant here.
Accordingly, the writ is made peremptory. It is now ordered that the order dated May 24, 1974, requiring relator (defendant in the cause) to post a $1,000 bond, to secure the payment of any debts that may be incurred by the liquidator, be rescinded, recalled and set aside.
Writ peremptory.