MARVIN, Judge.
This defamation action arose when Mrs. Bruyere, on allegations of her then attorney’s fraud and ill practices, sued to annul a separation action rendered against her by default. Her attorney in the separation suit then brought this action for defamation while Mrs. Bruyere’s suit to annul was pending. The trial court sustained Mrs. Bruyere’s exception in the defamation action on the authority
“. .. that a cause of action for defamatory statements in the pleadings of a civil case does not arise . . . until final determination of such suit ...” Calvert v. Simon, 311 So.2d 13 (La.App.2d Cir. 1975)
Plaintiff-attorney appeals, contending that cases recognizing the Calvert rule concerned only the parties to the case in which the defamatory statement was pleaded and should not apply to him because he is not a party in the nullity action and is unable to defend himself in that action. He also contends that application of the Calvert rule to defer his cause of action for defamation is a denial of his right to have adjudicated without unreasonable delay, his demands for injury to his reputation, as guaranteed by Art. 1, § 22, La. Constn.
As explained in Calvert, the basis for deferring the cause of action stems from the desirability that statements made in a judicial proceeding be privileged to some degree, either absolute or qualified.
“... [F]ree and unfettered litigation is essential in order to achieve justice and . . . this concept must be preserved even though on occasion the process may be abused and an individual . . . damaged by libelous statements . . . The public interest in the freedom of expression by participants in judicial proceedings, uninhibited by risk of resultant suits for defamation, is . .. vital and necessary to the integrity of our judicial system ...” 311 So.2d at p. 16.
Calvert parenthetically observed that a statement in a judicial proceeding by one who is not a party to that proceeding may also be privileged. See 311 So.2d at p. 17. Calvert also explained that the cause of action for an allegedly defamatory statement is deferred to allow the person making the statement to prove the truth of that statement in that proceeding.
While we see no reason why the Calvert rationale should not apply to a defamatory statement made against one who is not a party to the action in which the statement was made, the Supreme Court has made the distinction between a party and a non-party. Lescale v. Joseph Schwartz Co., 116 La. 293, 40 So. 708 (1906). There it was said:
“[S]uch rule could not be applied . . . where plaintiff was not a party to the suit wherein the allegations . . . were made. Not being a party to the suit, he *42 would have no right to insist upon its being tried, so that, for all he could do, its trial might be postponed indefinitely. If it came to be tried, he would have no right to offer evidence to establish the falsity of the libelous allegations. The result of the suit, or any of the proceedings in it, could not be binding on him. Indeed, it stands to reason that one’s right of action cannot be dependent upon what shall be done in a suit to which one is not a party.” 116 La. 293, 40 So.2d at p. 712. See also Monier v. Fontenot, 165 So. 481 (La.App. 1st Cir. 1936).
Therefore, judgment sustaining the exception of no cause of action and dismissing plaintiff’s action is REVERSED at appel-lee’s cost and the cause is remanded for further proceedings.