465 So.2d 115 (1985)
Harry E. McCALL, Jr., Ruth Ann Scott McCall, Joseph Rudy Ruffino, Milton J. Veillon, Ruth Edwards Veillon, Ralph J. Veters, Sr., Ralph J. Veters, Jr., Ida M. Veters, Charles N. White, and W.J. Manion
v.
Joseph V. BOLOGNA, C. Ellis Henican, Sr., and Law Office of Henican, James & Cleveland.
No. CA-2328.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
Rehearing Denied March 27, 1985.
Writ Denied May 24, 1985.
*116 W.J. Manion, Slidell, in pro. per.
C. Ellis Henican and Joseph V. Bologna, in pro. per., Henican, James & Cleveland, New Orleans, for defendants-appellees.
Before REDMANN, C.J., and BARRY and KLEES, JJ.
BARRY, Judge.
Plaintiff W.J. Manion appeals a judgment sustaining defendants' exception of prematurity to a libel and slander lawsuit arising out of another pending suit.
Ten plaintiffs filed this suit for damages as a result of alleged false statements made in a federal suit wherein plaintiffs (except Mr. Manion who is their attorney) alleged defendants engaged in fraudulent security transactions.
In the federal action defendants filed a memorandum which alleged Mr. Manion agreed to split his legal fee with Raymond Mayerhafer who was to collaborate with Mr. Manion by asserting causes of action against Mr. Henican and others. According to plaintiffs' petition in this suit, defendant Mr. Bologna reiterated those accusations in oral argument before a Federal Magistrate.
Plaintiffs herein alleged defendants' accusations were false, defamatory, libelous and slanderous. Defendants' exception of prematurity was sustained because the federal suit had not been concluded. Only Mr. Manion appeals. We affirm.
Our jurisprudence has consistently held that an action for libel or slander arising out of allegations or statements made in a judicial proceeding cannot be brought by a party to that proceeding until it is terminated. Loew's, Incorporated v. Don George, Inc., 237 La. 132, 110 So.2d 553 (1959); Howard v. Coyle, 163 La. 257, 111 So. 697 (1927); Carnes v. Atkins Bros. Co., 123 La. 26, 48 So. 572 (1909).
The rationale behind the rule was explained in Calvert v. Simon, 311 So.2d 13 (La.App. 2nd Cir.1975) at p. 17:
Louisiana law permits recovery by a party damaged by libelous statements made without probable cause and with malice by another party in a judicial proceeding, but consistent with orderly procedure and the concept of unhampered expression in the course of litigation, requires the party claiming such damage to await the determination of the original proceeding. Although the outcome of the original proceeding may not necessarily determine the issue of whether a party thereto can subsequently recover for libelous statements made therein, in most cases the outcome of the original suit will have a strong bearing on determination of that issue.
*117 Obviously the rule does not apply where the alleged injured party is not a party to the proceeding in which the alleged libelous matter appears and can do nothing to have it disposed of. Wright v. Bruyere, 397 So.2d 40 (La.App. 2nd Cir. 1981); Monier v. Fontenot, 165 So. 481 (La.App. 1st Cir.1936); Lescale v. Joseph Schwartz Co., 116 La. 293, 40 So. 708 (1906);
Mr. Manion contends being an attorney in the federal action does not make him a party to that litigation and he should not have to wait for its termination. The trial court disagreed, holding that as the plaintiffs' attorney he has control of the suit to its conclusion.
In Lescale v. Joseph Schwartz Co., supra, the Supreme Court drew the distinction between a party and a non-party to litigation in which libelous allegations are made:
Conceding such a rule to obtain in cases like the present one, where a libel is charged to have been contained in judicial allegations, such rule could not be applied in the instant case, where the plaintiff was not a party to the suit wherein the allegations complained of were made. Not being a party to the suit, he would have no right to insist upon its being tried, so that, for all he could do, its trial might be postponed indefinitely. If it came to be tried, he would have no right to offer evidence to establish the falsity of the libelous allegations. The result of the suit, or any of the proceedings in it, could not be binding on him. Indeed, it stands to reason that one's right of action cannot be dependent upon what shall be done in a suit to which one is not a party. Lescale v. Joseph Schwartz, Co., supra at 712.
Mr. Manion can pursue the federal suit to conclusion. He is free to present evidence to establish the falsity of the allegations, especially as to his involvement. The outcome of the federal suit will almost certainly determine if this suit is viable. The alleged libelous statements focus on Mr. Manion and make him an integral part of the federal litigation.
We therefore conclude under these facts the federal predicate case must be concluded before proceeding herein.
The exception of prematurity was properly maintained.[1]
AFFIRMED.
NOTES
[1] It is unnecessary to consider the exception of no cause of action.