PLOTKIN, Judge.
Plaintiff Herzog’s Automotive Parts, Inc. (Herzog) originally sued defendant Baronne *807 Auto Supply, Inc. (Baronne) for indebtedness of $7,303.62 for goods sold and pursuant to a security agreement and UCC-1. The plaintiff requested a writ of sequestration on the defendant’s inventory, which was granted. Baronne reconvened, alleging damages greater than $20,000 for wrongful seizure; Baronne therefore requested a jury trial. Herzog then added Luis Suarez as a defendant by supplemental petition; Suarez answered and also requested a jury trial.
The case was set for trial on January 24, 1994. On that date, Herzog filed a motion to strike the jury because the principal amount in demand was less than the $20,000 jurisdictional amount required for entitlement to a jury trial in civil cases under the provisions of La.C.C.P. art. 1731(B), when read in conjunction with La.C.C.P. art. 1732(1). The trial court granted the motion and continued the trial to February 10 to allow the defendants to take writs to this court.
The defendants make two arguments for reversing the trial court judgment. Although we find no merit in the defendants’ first argument, which is based on a unique interpretation of La.C.C.P. art. 1732(2), we agree with the defendants’ second argument.
Although La.C.C.P. art. 1731(B) and the interpreting jurisprudence including Cambridge Corner Corp. v. Menard, 525 So.2d 527 (La.1988) traditionally have recognized the right to trial by jury only when the “principal demand” exceeds the jurisdictional amount as established by La.C.C.P. art. 1732(1), that requirement must now be read in equity with the new res judicata articles, LSA-R.S. 13:4231 and La.C.C.P. art. 1061. Under those provisions, which became effective on January 1, 1991, a defendant in a principal action other than divorce is required to “assert in a reconventional demand all causes of action which he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.” Because of that requirement, called “compulsory recon-vention,” the defendants in this ease were absolutely required to bring their cause of action against Herzog in a reconventional demand in this case, rather than filing a separate action, which would have been allowed prior to January 1, 1991. Hád they been allowed to file a separate action for damages for the alleged wrongful seizure, they would have been allowed to request a jury trial because their demand would then have been the “principal demand” in the case. Therefore, applying the general rule that the right to jury trial is governed solely by the principal demand in the case is inequitable in cases such as this which involve compulsory reconvention. Thus, we find that the amount of the reconventional demand must be considered in determining the right to trial by jury in cases arising under the compulsory reconventional articles. Any other rule would make the right to jury trial dependent on a “race to the courthouse”; which would violate the spirit of the law favoring jury trial.
Accordingly, the trial court judgment granting the motion to strike the jury is reversed. The case is remanded to the trial court, which should conduct a hearing to allow the plaintiff the opportunity to prove that the damages claimed by the defendant are not sufficient to meet the jurisdictional amount.