jiBYRNES, Judge.
Herzog’s Automotive Parts, Inc., sued Bar-onne Auto Supply, Inc., alleging indebtedness of $7,303.62 for goods sold. The petition further alleged that the debt is secured by a security agreement and a UCC-1 on all of Baronne’s stock and merchandise. In that petition the plaintiff requested a writ of sequestration on the defendant’s inventory. That writ was granted and the defendant’s inventory was seized. The defendant filed an answer, reserving its right to allege affirmative defenses and to reconvene for wrongful seizure. The defendant did subsequently reconvene, alleged damages for wrongful seizure which exceeded the requisite amount for jury purposes, and requested a jury trial. Plaintiff, Herzog, then filed a supplemental petition to add Luis Suarez as a defendant, as an alleged guarantor of the debt. Suarez answered and also requested a trial by jury.
The matter was set for trial on January 24, 1994. On that date, Herzog filed a motion to strike the jury, which motion was sustained by the trial court. The defendants took writs, alleging in part that the new mandatory reconventional demand (LSA-C.C.P. art. 1061B) required that,_]¿for purposes of a right to a jury trial, the court must now look to the amount of the reconventional demand as well as the principal demand. In 94-C-0213, 632 So.2d 806, this court agreed, vacated the motion to strike and remanded to the trial court to give the plaintiff the opportunity to prove that the defendants’ damages are not sufficient to meet the jurisdictional amount.
On remand, the trial court again'struck defendants’ jury request. They filed a notice of intention to take writs on that ruling, but filed for an extension of time to file the writ application after the original deadline had expired. Although the trial court granted the extension, in 94-C-0899 this court, applying Uniform Rules-Courts of Appeal Rule 4-3, held that the time for filing could not be extended after it had expired.
Plaintiff filed a motion for security and costs from defendants-relators, Baronne Auto Supply, under LSA-R.S. 13:1215. Noting that the trial court signed the plaintiffs *1224 motion for security and costs on April 14, 1994, Baronne Auto Supply responded with a motion to vacate and requested sanctions, alleging that LSA-R.S. 13:1215 cannot be utilized by a defendant in reconvention. On May 14, 1994, the trial court, without written reasons, denied defendant Baronne Auto Supply’s motion to vacate and request for sanctions. Defendants Baronne Auto Supply and Suarez seek supervisory review of that ruling.
La.R.S. 13:1215 provides in part:
The defendant in any cause may require the plaintiff or party prosecuting the cause to give bond or other security, in such amount as may be fixed by the court, to secure the repayment on the final termination of the cause of all costs expended by the defendant therein. The order requiring such bond or security for costs shall issue ex-parte on the application of the party, without costs, and no further proceeding shall be had in the cause until such bond or security has been furnished. The court shall fix the delay within which such bond or security for costs shall be furnished, and the failure to 13furnish it, within such delay, shall operate a dismissal of the cause as in case of non-suit.
The relators base their claim on Wabnig v. Royal Crystal Art Co., Inc., 301 So.2d 366 (La.App. 4th Cir.1974). In that case, one business partner sued the other for damages and liquidation of the partnership. Plaintiff there obtained an order from the trial court requiring the defendant to post bond for any cost that might be incurred by the court-appointed liquidator, should the fund realized by the liquidation be insufficient to pay partnership debts. The defendant sought a rescission of that order. This Court held that the defendant could not be required to post bond for costs, either in her capacity of defendant or in her capacity of plaintiff in reconvention. This Court noted that the defendant had filed a separate suit which was consolidated with the liquidation proceedings for which she might have been required to post bond. However, it was not in her capacity as plaintiff in the consolidated case that the bond was sought from the Wabnig defendant.
This Court stated that:
The statute requires the “plaintiff or party prosecuting the cause to give bond or other security.” No such requirement is made of the defendant. The fact that defendant is a plaintiff in reconvention cannot serve as a basis for requiring the defendant to post bond in the instant case. See State ex rel. Nelson and Poppleton v. Judge of the Sixth District Court, Parish of Orleans, 25 La.Ann. 227 (1873), where this contention was rejected by the court. Nor do we find merit in plaintiffs argument that a separate suit filed by defendant, which was consolidated with the liquidation proceedings, provides the basis for requiring defendant to post bond in this cause. In the separate cause of action which has been consolidated with this suit, Small, as plaintiff, may be required to post bond. She cannot, however, be required to post bond as a defendant here. (Emphasis added)
14Wabnig, 301 So.2d at 367.
Unlike Mrs. Small in Wabnig, relator-defendant, Baronne Auto Supply, filed no separate cause of action consolidated with the instant case for which it could be required to post bond for costs. Baronne Auto Supply cannot be required to post a bond for costs as a defendant. Nor may it be required to post a bond for costs as a plaintiff in recon-vention. There is, therefore, no basis upon which the decision of the trial court may be sustained.
This interpretation of LSA-R.S. 13:1215 is consistent with State ex rel. Nelson and Poppleton v. Judge of the Sixth District Court, 25 La.Ann. 227 (1873) which ante-dated the enactment of the statute by several years.
For the foregoing reasons the judgment of the trial court is reversed in part. Relators, Baronne Auto Supply and Suarez, are not required to post a bond for costs. However, the trial court’s denial of relators’ request for sanctions is affirmed. The case is remanded to the trial court for further proceedings consistent with this decision.

*1225
WRIT GRANTED; JUDGMENT AFFIRMED IN PART AND REVERSED IN PART. CASE REMANDED.