657 So.2d 511 (1995)
Rebecca Loupe Ballex, Wife of/and Chetley BALLEX
v.
Brian NACCARI and ABC Insurance Company.
No. 95-CA-0057.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1995.
Craig S. Sossaman, Joseph B. Harvin, Harvin & Sossaman, P.L.C., Metairie, for plaintiffs/appellees.
Vincent T. LoCoco, Vincent B. LoCoco, Many & LoCoco, New Orleans, for defendant/appellant.
Before PLOTKIN, WALTZER and MURRAY, JJ.
*512 PLOTKIN, Judge.
The sole issue in this appeal is whether a defendant is required, under the amended Louisiana law governing compulsory reconvention and res judicata, to assert a reconventional demand for alleged defamation arising out of allegations made in the plaintiff's petition. In order to decide this issue, we must determine whether the new statutory rules governing compulsory reconvention and res judicata invalidate a long-standing jurisprudential rule prohibiting defendants from filing such a reconventional demand. After considering the new law and the policy reasons undergirding the jurisprudential rule, we find that the new law does not render the jurisprudential rule invalid.

Facts
Plaintiff Rebecca Loupe Ballex was formerly employed by defendant Brian J. Naccari M.D. On December 3, 1993, Mrs. Ballex and her husband filed the instant suit, seeking damages for Dr. Naccari's alleged sexual harassment of Mrs. Ballex during her employment. The petition alleges specifically that Dr. Naccari improperly touched, verbally abused, and sexually discriminated against Mrs. Ballex. On February 9, 1994, Dr. Naccari filed a reconventional demand asserting defamatory actions committed by the plaintiffs prior to the filing of their petition for damages. Plaintiffs filed exceptions of prematurity and no cause of action, which were denied by the trial court. This court denied writs on that judgment. Thereafter, on August 3, 1994, Dr. Naccari filed a supplemental and amended reconventional demand alleging defamation based on allegations in the plaintiffs' original petition for damages. The plaintiffs again filed exceptions of prematurity and no cause of action. The trial court, following a long-standing jurisprudential rule prohibiting such reconventional demands, maintained the exceptions, but noted the apparent conflict between the jurisprudential rule and the new statutory law of compulsory reconvention and res judicata, stating as follows:
[I]t appears that the courts must now face the problem of delineating on a case by case basis those situations which are going to fall under the compulsory reconventional demand requirement and those which aren't. The Court would urge the plaintiff in reconvention to appeal this judgment in order to get this issue resolved by the Court of Appeal and/or Supreme Court.
Dr. Naccari appeals the granting of the exceptions.

Jurisprudential rule versus statutory law
The jurisprudential rule on which the trial court based the granting of the exceptions of prematurity and no cause of action is well established. Louisiana courts have consistently held that an action for defamation arising out of allegations made in judicial proceedings and against a party to those proceedings cannot be brought until those proceedings are terminated. Ortiz v. Barriffe, 523 So.2d 896 (La.App. 4th Cir.), writ denied, 531 So.2d 273 (La.1988). See also Loew's, Inc. v. Don George, Inc., 237 La. 132, 110 So.2d 553 (1959); McCall v. Bologna, 465 So.2d 115 (La.App. 4th Cir.1985), writ denied 468 So.2d 1212 (La.1985). A cause of action for defamation does not exist until the party making the allegations has had an opportunity to prove the truth of the allegations in the suit in which they were made. The rule is applied equally to actions instituted by reconventional demand and by separate suit. Calvert v. Simon, 311 So.2d 13 (La.App.2d Cir. 1975). The rule has been explained as follows:
Louisiana law permits recovery by a party damaged by libelous statements made without probable cause and with malice by another party in a judicial proceeding, but consistent with orderly procedure and the concept of unhampered expression in the court of litigation, requires the party claiming such damage to await the determination of the original proceedings.
Id. at 17.
The purpose underlying the rule requiring an end to the principal demand prior to the filing of a defamation suit based on allegations in the petition which initiated that demand is obviousthe trier of fact seeking to resolve conflicting claims should not have the additional burden of deciding whether defamation was involved at the same time. In Ortiz v. Barriffe, 523 So.2d 896, 898 (La.App. *513 4th Cir.), writ denied 531 So.2d 273 (La. 1988), this court reasoned as follows:
John Citizen when named a defendant usually reacts with a desire to sue for the insult. However, by the conclusion of trial, his temper has generally cooled and he is happy to be free of the court system. Encouraging a countersuit for defamation in each and every lawsuit discourages legitimate claims and burdens the courts unnecessarily.
Id. at 898, quoting Union Service & Maintenance Co. v. Powell, 393 So.2d 94, 100 (La. 1980) (Watson, J. concurring).
However, subsequent to the above-quoted cases, the 1991 legislature amended Louisiana's law on compulsory reconvention and res judicata as part of a comprehensive scheme to expand the doctrine of preclusion by judgment. Specifically, La.C.C.P. art 1061(B) now provides, in pertinent part, as follows:
The defendant in the principal action ... shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.
The Official Comments to La.C.C.P. art. 1061 provide two justifications for the compulsory reconvention requirementjudicial efficiency and fairness. Judicial efficiency is served by requiring the defendant to assert in reconvention all causes of action against the plaintiff. Fairness is served because compulsory reconvention gives the defendant notice that he must assert all related causes of action or the doctrine of res judicata will bar relitigation of issues common to the subject matter of the plaintiff's action.
LSA-R.S. 13:4231, as it was amended subsequent to the above-quoted cases, provides for the res judicata effect arising from the failure to comply with the compulsory reconvention requirement as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on these causes of action.
This court has previously interpreted the above statutory provisions to absolutely require a defendant to bring all related causes of action against the plaintiff in a reconventional demand. Herzog's Automotive Parts, Inc. v. Baronne Auto Supply, Inc., 632 So.2d 806 (La.App. 4th Cir.1994).
Nevertheless, we find that reconventional demands for defamation based on allegations on the plaintiff's petition, like the demand asserted by the defendant in the instant case, are not subject to the compulsory reconvention rules. Although the legislature did not make an express exception to the rules for defamatory actions based on statements made in the plaintiff's original petition, we find the public policy reasons for the jurisprudential rule are still applicable despite the obvious legislative intent to require that as many causes of action be tried together as possible.
Further, the text of LSA-R.S. 13:4232 indicates the legislature's intention to allow some exceptions to the strict preclusion by judgment rules established by the new res judicata statute. That section provides express exceptions, "when exceptional circumstances justify relief from the res judicata effect of the judgment" and "when the judgment reserve[s] the right of the plaintiff to bring another action." We find both exceptions should be applicable to the instant case.
Exceptional circumstances exist in situations involving reconventional demands for defamation based on allegations in a plaintiff's petition, as described in the above discussion of the public policy reasons for the jurisprudential rule. The official 1990 Comment to LSA-R.S. 13:4232 states that the *514 exception for exceptional circumstances gives the trial court discretion "to balance the principle of res judicata with the interests of justice." The jurisprudential rule prohibiting a reconventional demand based on defamatory statements made by a plaintiff in his original petition is itself based on "the interests of justice." Thus, the jurisprudential rule is not invalid under the new statutory law of compulsory reconvention and res judicata and the trial court correctly granted the plaintiffs' exceptions of prematurity and no cause of action.
Further, the second exception to the strict res judicata law should also apply to these types of cases. When a trial court denies the defendant the right to bring a reconventional demand for defamation based on the plaintiff's original petition, the judgment should expressly reserve the defendant's right to pursue his claim after the original suit has been resolved. The trial court's judgment in the instant case fails to do so, and is hereby amended to reserve the defendant's right to file suit for defamation following resolution of the instant controversy.

Conclusion
The trial court judgment is hereby amended to reserve Dr. Naccari's right to file a reconventional demand for defamation after resolution of the instant suit. In all other respects, the judgment is affirmed.
AMENDED; AS AMENDED, AFFIRMED.