ItPLOTKIN, Judge.
James Ross filed suit against NOPSI, NORCO, and the City of New Orleans for injuries he sustained on April 4, 1992, when his bicycle struck a depression on Dauphine Street. NOPSI and NORCO filed a motion for summary judgment contending that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law because they were not responsible for correcting the depression into which Mr. Ross fell. The motion was denied on May 2, 1996. On August 15, 1996, NOPSI and NORCO filed their intention to apply for supervisory writs and the trial judge gave the relators until August 16 to file their application.
The denial of a motion for summary judgment is a nonappealable interlocutory ruling which may be subject to review by supervisory writ. Batson v. Time, Inc., 298 So.2d 100, 106 (La.App. 1st Cir.), writ denied, 299 So.2d 803 (La.1974). Uniform Rule 4-3 of the Louisiana Courts of Appeal provides:
When an application for writs is sought to review the actions of a trial court, the trial court shall fix a reasonable time within which the application shall be filed in the appellate court, not to exceed thirty days from the date of the ruling at issue. Upon proper showing, the trial court or the appellate court may extend the time forjafiling the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period. An application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant’s fault. The application for writs shall contain documentation of the return date and any extensions thereof; any application which does not contain this documentation may not be considered by the appellate court.
See also Lyons v. Spell, 96-3, p. 2 (La.App. 3d Cir. 2/28/96), 670 So.2d 536, 537. A trial judge cannot extend the time for filing under this rule after it has expired. Herzog’s Auto Parts v. Baronne Auto Supply, 94-1054, p. 2 (La.App. 4th Cir. 6/30/94), 639 So.2d 1223, 1223.
Uniform Rule 4-3 prohibits a litigant from waiting an unreasonable period of time before seeking supervisory review. The rule promotes the finality of interlocutory rulings and prevents unnecessary delay in the administration of ongoing litigation. The current rule became effective on January 1, 1995.
According to the documentation attached to the application for the instant writ, the applicants did not seek the setting of a return date within thirty days from the denial of their motion for summary judgment. No extension was sought within that thirty day period. There has been no showing that the delay in filing was not due to the applicants. Therefore, Uniform Rule 4-3 prohibits this Court from considering their application.
Accordingly, this Court shall not consider the relators’ untimely application for supervisory review. The application is denied in accordance with Uniform Rule 4-3 of the Louisiana Courts of Appeal.